KAB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ronald M. Feldmeier,

                Plaintiff,

v.

P. Hauser, et al.,

                Defendants.

No. CV 13-2027-PHX-DGC (BSB)

**ORDER**

On October 4, 2013, Plaintiff Ronald M. Feldmeier, who is confined in the La Palma Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion to Join State Tort Action and Federal 42 U.S.C. § 1983 Action.  On November 4, 2013, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.  On November 22, 2013, Plaintiff filed a complete Application to Proceed *In Forma Pauperis*.  The Court will grant Plaintiff's Application to Proceed *In Forma Pauperis*, deny the Motion to Join State Tort Action and Federal 42 U.S.C. § 1983 Action, dismiss Defendant Unknown Emergency Call Box Staff, and order the remaining Defendants to answer the Complaint.

**I.**    **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

The Court will assess an initial partial filing fee of $13.53.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (citation omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But, as the United States Court of Appeals for the Ninth Circuit has instructed,

1  courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

2  342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less

3  stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

4  *Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

5  **III.    Complaint**

6          In his Complaint, Plaintiff alleges one count.  Defendants are P. Hauser, Case

7  Manager of the La Palma Correctional Center, R. Williams, Unit Manager of the La

8  Palma Correctional Center, and Unknown Emergency Call Box Staff on duty on October

9  5, 2011 at the La Palma Correctional Center, named as Unknown John Doe(s) staffers of

10  the CCA at LaPalma Correctional Center.

11          Plaintiff alleges that his Eighth Amendment right to be free from cruel and

12  unusual punishment was violated as follows:  In late July 2011, Plaintiff was assigned a

13  new cellmate, M.K. Wilson ("Wilson"), at La Palma Correctional Center.  That same

14  day, Wilson exhibited anger and hostility toward Plaintiff, making "demands and

15  threatening postures."  A housing unit correctional officer told Plaintiff to speak with

16  Defendant Hauser about his problems with Wilson.  Plaintiff then met with Defendant

17  Hauser and told him that his cellmate had "a big chip on his shoulder," was willing to use

18  threatening postures, and that Wilson's youth and "enormous muscles" intimidated

19  Plaintiff.  At that time, Plaintiff asked Defendant Hauser if Wilson previously had

20  problems with cellmates and requested that either Plaintiff or Wilson be moved to

21  another cell.  Hauser told Plaintiff to let him know if the problem worsened.

22          Wilson's "intimidation, tantrums, and threatening ways continued through

23  August."  Wilson told Plaintiff of his problems with "anger issues" and stated that his

24  own family feared his violent rages.

25          In September 2011, Wilson threatened to kill Plaintiff.  Plaintiff told Defendant

26  Hauser of Plaintiff's growing fear of a violent attack by Wilson, who was twice

27  Plaintiff's strength and half his age.  Defendant Hauser told Plaintiff he was too busy and

28  sent him away.  Dissatisfied with that answer, Plaintiff decided to take his complaint "up

the chain of command."

On September 21, 2011, Plaintiff met with Defendant Williams.  Williams listened to Plaintiff's complaints and told him to put the details of the complaints in writing on a CDCR Form-22 (the "Form").   That same day, Plaintiff prepared the Form.   On September 22, 2011, Plaintiff saw Defendant Hauser.   Hauser took the Form from Plaintiff and told Plaintiff that he would hand-deliver the Form to Defendant Williams.

During the next two days, Wilson's behavior worsened.  Plaintiff told Defendant Hauser about the worsening behavior and asked if there was an answer to his complaint and if there would be a cell change.  Defendant Hauser told Plaintiff that there was no answer to the complaint yet and that a cell change would not occur that day.

On September 26, 2011, Plaintiff told Defendant Hauser that he was afraid and described Wilson's "escalating threats and verbal assaults."  At that time, Plaintiff again requested a new cell for either him or Wilson.  Plaintiff saw his Form on Defendant Hauser's desk and asked Defendant Hauser the status of the complaint he filed with Defendant Williams.   Defendant Hauser explained that Defendant Williams tasked Defendant Hauser with handling the problem.  Defendant Hauser said he would look into Plaintiff's request for a new cell, but that no cells were available.  Plaintiff requested that he switch cells with any other inmate, but Defendant Hauser did not respond.

On two more occasions, Plaintiff attempted to speak with Defendant Hauser about his problems with Wilson, but Defendant Hauser refused to speak with Plaintiff and sent him away, stating that he was "too busy."

On October 5, 2011, Wilson attacked Plaintiff while Plaintiff was lying in his bed. The attack lasted between ten to twenty minutes and Plaintiff was beaten until he was unconscious.  Twice during the beating, Plaintiff tried to summon help via the in-cell emergency call box, but no staff answered and there was no response to Plaintiff's repeated calls for help.  As a result of the attack, Plaintiff suffered a concussion, a fractured eye orbit/cheekbone, fractured nasal bones, fractured septal cartilage, deformation of the nose and eye orbit, lacerations, contusions, abrasions, hearing loss in

his right ear, headaches/sinus pain, vertigo, loss of sleep, mental focus and memory, social adjustment difficulties, emotional trauma, right posterior/lateral rib fractures, dorsal/lumbar spinal subluxations, limited movement in his right wrist, tissue/musculature damage to his right wrist, tissue/musculature damage to his right forearm, and tissue/musculature damage to his left forearm, hand, and wrist.  As a result of these allegations, Plaintiff seeks compensatory and punitive damages and unspecified declaratory relief.

**IV.   Failure to State a Claim**

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'"  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotation and citations omitted).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.  To state a claim under § 1983 for failure to protect inmates from attacks by other inmates, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  *Id.* at 834-35.  To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  *Id.* at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  *Id.*

In this case, Plaintiff failed to allege facts demonstrating that Unknown Emergency Call Box Staff were deliberately indifferent to an excessive risk to Plaintiff's safety.  Plaintiff has not alleged facts demonstrating that Defendant Unknown Emergency Call Box Staff heard Plaintiff's summons on the in-cell call box.  Plaintiff's facts demonstrate, at best, that Defendant Unknown Staff were negligent in monitoring the call box.  Negligence is insufficient to state an Eighth Amendment claim and the Court will dismiss Defendant Unknown Emergency Call Box Staff.

**V.      Claim for which an Answer will be Required**

Liberally construed, Plaintiff has adequately stated an Eighth Amendment claim for failure to protect against Defendants Williams and Hauser and the Court will require Defendants Williams and Hauser to respond to Plaintiff's § 1983 claim.

**VI.      Motion to Join State Tort Action and Federal 42 U.S.C. § 1983 Action**

Plaintiff filed a Motion to Join State Tort Action and Federal 42 U.S.C. § 1983 Action.  In his Motion, Plaintiff asserts that he filed a "State of Arizona tort claim in the County Court of Pinal, Arizona" and also filed the instant § 1983 complaint.  Plaintiff asserts that these are "distinct filings based on the same events, facts and persons; [a]nd that, judicial expediency and economy may best be served by the joining of the two complaints."  (Doc. 3 at 1).

To the extent Plaintiff requests that the Court exercise supplemental jurisdiction over state tort claims based on its federal jurisdiction over Plaintiff's § 1983 claims, Plaintiff should have set forth both sets of claims in the complaint he filed in this action. Because Plaintiff filed his state tort claims in state court, the state court has jurisdiction over those claims and this Court does not have jurisdiction to "join" those claims with the claims currently pending before this Court.  *See Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997) ("In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction.") (quoting *Peacock v. Thomas*, 516 U.S. 349, 355 (1996)). Accordingly, Plaintiff's Motion to Join State Tort Action and Federal 42 U.S.C. § 1983 Action will be denied.

**VII.   Warnings**

**A.      Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $13.53.

(3)    Plaintiff's Motion to Join State Tort Action and Federal 42 U.S.C. § 1983 Action (Doc. 3) is **denied**.

(4)    Defendant Unknown Emergency Call Box Staff is **dismissed without prejudice**.

(5)    The Clerk of Court must send Plaintiff a service packet including the

Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants P. Hauser and R. Williams.

(6)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for

preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 30th day of December, 2013.


_____
David G. Campbell
United States District Judge