JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald M. Feldmeier,<br><br>          Plaintiff,<br><br>vs.<br><br>P. Hauser, et al.<br><br>          Defendants. | No. CV 13-2027-PHX-DGC (BSB)<br><br><br>**ORDER** |

Plaintiff Ronald M. Feldmeier brought this pro se civil rights action under 42 U.S.C. § 1983 against P. Hauser and R. Williams, officers at the La Palma Correctional Center in Eloy, Arizona (Doc. 1). Before the Court is Defendants' Motion to Dismiss for failure to exhaust administrative remedies (Doc. 13). Feldmeier opposes to the motion (Doc. 15). The Court will summarily deny the motion without prejudice to refiling.

**I.     Background**

In his Complaint, Feldmeier alleged that Defendants violated his Eighth Amendment rights when they failed to protect him from an assault by his cell mate (Doc. 1). Defendants moved to dismiss the Complaint on the ground that Feldmeier failed to exhaust administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (Doc. 13, Exs. A-B). The Court issued a Notice to Feldmeier informing him of the consequences if a motion to dismiss under Federal Rule of Civil

Procedure 12(b) is granted (Doc. 14). The Court received Feldmeier's response on April 1, 2014 (Doc. 15).

**II.   Exhaustion**

In a recent decision, the Ninth Circuit held that the failure-to-exhaust defense must be raised by summary judgment; it is no longer considered a matter of abatement to be raised in an unenumerated Rule 12(b) motion. *Albino v. Baca*, --- F.3d ----, 2014 WL 1317141, at *1, 4 (9th Cir. April 3, 2014), *overruling Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). The pending Motion to Dismiss for failure to exhaust was filed as an unenumerated Rule 12(b)(b) motion (Doc. 13 at 5).[1] Consequently, Feldmeier was not on notice that the summary judgment standard would apply to the exhaustion issue, nor was he apprised of the requirements under Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1. *See Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc) (upon the filing of a summary judgment motion, a pro se prisoner must be given notice of the requirements under Rule 56). In addition, the Motion to Dismiss does not conform to the Local Rules governing summary judgment. *See* LRCiv 56.1. The Court therefore declines to construe Defendants' motion as one under Rule 56. Because neither party had the benefit of the *Albino* decision, the motion will be denied without prejudice to refiling.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 13).

---

[1] In their reply, Defendants acknowledge the recent *Albino* decision but request that the Court decide their motion under the *Wyatt* standard (Doc. 16 at 1 n. 1). That request is denied.

(2) Defendants' Motion to Dismiss (Doc. 13) is **denied** without prejudice to refiling.

Dated this 7th day of May, 2014.

*David G. Campbell*
United States District Judge